573 A.2d 656

**Grant MUSSELMAN, District Justice, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 13, 1989.

Decided April 19, 1990.

Harold D. Borek, for petitioner.

Ernest D. Preate, Jr., Atty. Gen., and Ronald H. Skubecz, Deputy Atty. Gen., for respondent.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

McGINLEY, Judge.

Grant Musselman (Petitioner), a duly elected district justice sitting in Montgomery County, appeals from an order of the Board of Finance and Revenue (Board) which denied Petitioner's appeal of the Department of Revenue's (Department) denial of Petitioner's petition for resettlement of an audit of the books and records for Petitioner's magisterial district.

On June 23, 1986, the Department of the Auditor General issued its audit report for Petitioner's magisterial district which contained a finding of a reporting error to the effect that $1,641.00 was due to the Department based on certain transactions having been reported incorrectly. On September 1, 1987, the Department issued a notice of settlement to

Petitioner for the subject January 1, 1984 to December 31, 1985 audit period that indicated a balance due the Commonwealth in the amount of $1,641.00. The alleged balance due is attributable entirely to costs assessed by Petitioner in what the parties describe as actions by local government agencies to recover earned income tax and other tax collection matters.

In October 1985, the Montgomery County courts adopted a policy applicable to all district justices, including Petitioner, which directed that all local government agency earned income tax collection matters were to be initiated by civil process as opposed to summary criminal process. Pursuant to this new policy, Petitioner characterized the tax collection actions at issue as actions for fines and penalties under Section 1515 of the Judicial Code, 42 Pa.C.S. § 1515.[1] Petitioner concluded that no part of the costs would be due the Commonwealth for the reason that they were not readily classifiable and thus came under Section 1725.1(c)(5) of the Judicial Code, 42 Pa.C.S. § 1725.1(c)(5).[2]

1.  Section 1515(a)(3) of the Judicial Code, 42 Pa.C.S. § 1515(a)(3) provides:

    (a) Jurisdiction.—Except as otherwise prescribed by general rule adopted pursuant to section 503 (relating to reassignment of matters), district justices shall, under procedures prescribed by general rule, have jurisdiction of all of the following matters:

    . . . .

    (3) Civil claims, except claims by or against a Commonwealth party as defined by section 8501 (relating to definitions), wherein the sum demanded does not exceed $4,000, exclusive of interest and costs, in the following classes of actions:

    (i) In assumpsit, except cases of real contract where the title to real estate may be in question.

    (ii) In trespass, including all forms of trespass and trespass on the case.

    (iii) For fines and penalties by any government agency.

2.  Section 1725.1(c)(5) of the Judicial Code, 42 Pa.C.S. § 1725.1(c)(5) provides:

    (c) Unclassified costs or charges.—The costs to be charged by the minor judiciary in the following instances not readily classifiable shall be as follows:

    . . . .

    (5) Any other issuance not otherwise provided for in this subsection . . . . . . . . . . . . . . $10.00

However, the Department concluded the tax collection matters were actions in assumpsit under Section 1515 of the Judicial Code and thus a portion of the costs collected by Petitioner were due the Commonwealth under Section 3571(c) of the Judicial Code, 42 Pa.C.S. § 3571(c).[3] As a result, the Department issued Petitioner the notice of settlement indicating the $1,641.00 balance due the Commonwealth.

Petitioner sought a resettlement of the audit deficiency which the Department denied on December 10, 1987. Petitioner appealed the denial of resettlement to the Board. On June 28, 1988, the Board sustained the Department's denial. Petitioner appeals to this Court.

Petitioner's sole contention presented for our review is that the Board erred in determining that a portion of the costs collected by a district justice in civil proceedings involving tax collection by local government agencies must be remitted to the Commonwealth pursuant to Section 3571(c) of the Judicial Code, 42 Pa.C.S. § 3571(c). Specifically, Petitioner argues that these tax collection matters, which constitute civil actions by political subdivisions or local government agencies, are not definable as either trespass or assumpsit actions. Instead, Petitioner contends that the costs assessed in these proceedings are properly

---

**3.** Section 3571(c) of the Judicial Code, 42 Pa.C.S. § 3571(c) provides in pertinent part:

(c) Costs in district justice proceedings.—

(1) Costs collected by a district justice shall be transmitted monthly to the Commonwealth in amounts as prescribed in subsection (b) and the balance shall be transmitted monthly to the county in which the magisterial district is located. Costs transmitted to the Commonwealth shall be credited to the General Fund. Costs transmitted to the county shall be retained by the court for its use.

(2) Amounts payable to the Commonwealth:

. . . .

(vi) Assumpsit or trespass involving:

(A) $100 or less .................................................... $ 2.50
(B) More than $100 but not more than $300 ......................... $ 5.00
(C) More than $300 but not more than $500 ......................... $ 7.50
(D) More than $500 ................................................ $10.00

transmitted to the county as unclassified costs pursuant to Section 3572 of the Judicial Code, 42 Pa.C.S. § 3572.[4]

Conversely, the Commonwealth, as respondent in this appeal, contends that an action by a political subdivision or local government agency to collect unpaid local earned income taxes is an action in assumpsit. In support of its position, the Commonwealth relies on the provisions of The Local Tax Enabling Act [5] and the Local Tax Collection Law.[6]

Section 2(5) of The Local Tax Enabling Act, formerly 53 P.S. § 6902(5) authorizes local governments to levy, assess and collect tax on wages, salaries and other earned income of persons within their districts. Section 21 of The Local Tax Enabling Act, formerly 53 P.S. § 6921, provides:

> *Each taxing district shall have power to collect unpaid taxes from the persons owing such taxes by suit in assumpsit* or other appropriate remedy. Upon each such judgment, execution may be issued without any stay or benefit of any exemption law. The right of each such taxing district to collect unpaid taxes under the provisions of this section shall not be affected by the fact that such taxes have been entered as liens in the office of the prothonotary, or the fact that the property against which they were levied has been returned to the county commissioners for taxes for prior years. (Emphasis added.)

**4.** Section 3572 of the Judicial Code, 42 Pa.C.S. § 3572, provides: Except as otherwise provided in this subchapter, all fines forfeited, recognizances and other forfeitures imposed, lost or forfeited and fees and costs collected in the court of common pleas, or community court established for a judicial district embracing a county, or in a magisterial district within the county, or in the Philadelphia Municipal Court, shall be payable to such county.

**5.** Act of December 31, 1965, P.L. 1257, *as amended,* formerly 53 P.S. §§ 6901–6924. The Local Tax Enabling Act was repealed by Section 3111(f)(1) of the Local Tax Reform Act, Act of December 13, 1988, P.L. 1121, 72 P.S. § 4750.3111(f)(1). However, the Local Tax Enabling Act was in effect from January 1, 1984 to December 31, 1985, the time period at issue in this appeal.

**6.** Act of May 25, 1945, P.L. 1050, *as amended,* 72 P.S. §§ 5511.1–5511.-42. Insofar as the Local Tax Collection Law concerns the collection of real estate taxes, not earned income taxes, we find it inapplicable to this appeal.

Clearly, the General Assembly has classified a local government action to collect unpaid taxes as an action in assumpsit. Also, in regard to actions by local government agencies for fines and penalties, the legislature in its note to Pa.R.C. P.D.J. (District Justice Rules) No. 301 [7] provides:

> The rules in this chapter will apply to all civil actions before district justices except actions for the recovery of possession of real property. *A civil action for a municipal penalty,* except when such an action is prohibited by statute (see, for example, § 3301 of the Borough Code, Act of February 1, 1966, P.L. (1965) 1656, No. 581, § 3301, as amended by Act of October 9, 1967, P.L. 399, No. 181, § 3, and § 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, No. 53, 42 P.S. § 20002(a), 53 P.S. § 48301), *would be governed by these rules, for such an action is merely a form of action in asumpsit.* (Emphasis added.)

Thus, it appears that the legislature intended civil actions for municipal penalties also to be classified as actions in assumpsit.

The order of the Board is affirmed.

COLINS, J., dissents.

### ORDER

AND NOW, this 19th day of April, 1990, the order of the Board of Finance and Revenue in the above-captioned proceeding is affirmed. Petitioner has thirty days to file exceptions. If no exceptions are found, judgment will be entered.

---

7. Pa.R.C.P.D.J. No. 301 provides: "As used in this chapter, 'action' means an action of trespass or assumpsit brought before a district justice."